His Honor, EMILE GOD OH AUN,
rendered the opinion and decree of the Court, as follows:
Plaintiff sues via ordinaria upon a mortgage note executed by defendant, Mrs. Reid, .and bearing interest at 8% from its date. Payments from time to time were made and duly credited upon the note until on July 13th, 3909, the principal having then been reduced to $988.76 and all interest paid to said date, the note was extended so as to mature on July 13, 1910, all of which appears by proper endorsements to that effect executed by the maker. When plaintiff acquired the note in 1912 from tile Metropolitan Building Company, it bore the following additional endorsement:
“N. 0., July 13, 1911.
“All interest paid on this note till July 13, 1911, and note extended for $988.76, to July 13', 1913.”
Plaintiff, the present holder, who unquestionably took the note in good faith, for full value and without notice in 1912, that is, prior to this extended maturity, demands judgment for $988.76; while on the other hand, defendant, the maker, claims credits for various payments made by her upon the note to-the Metropolitan Building Company, thereby reducing the note to $414.10, prior to plaintiff’s acquisition.thereof, which credits, however, said company failed to endorse upon the note or to disclose to plaintiff when delivering the note to her.
It will be noted that the note matured in 1910 and that it was not until a year thereafter, namely, July, 1911, that it was again renewed. Plaintiff’s acquisition in *221 1912 was therefore under a renewal dated and executed after the maturity of the note in 1910. The note, thus 'dishonored in 1910, did not cease to be dishonored by the fact that it bore an endorsement, dated after its maturity, extending the term of its payment. Thus endorsed it retained but a restricted negotiability, and plaintiff, though purchasing without knowledge of existing equities, in good faith and for value before its extended maturity, nevertheless took the note in 1912 subject to all equities that then existed against her transferror, the Metropolitan Building ’Company.
Marcal vs. Malliet, 18 An., 223.
Sagory vs. Bank, 42 An., 627.
It was so held in these cases ,and we find nothing contrary thereto in Bank vs. Cannon, 52 An., 1484, where the ’Court held that .the endorsement of renewal, being undated, is presumed to have been executed before maturity*
But in addition to this credit, the trial Court further credited the note with .a sum paid to the Metropolitan Building Company after the note had passed from the latter to plaintiff. This was in error, for even though plaintiff acquired a dishonored note, still payment could validly be made to her alone as the holder thereof, since she in no: manner authorized or acquiesced in payment to anyone else.
King vs. Jung, 9 Ct. of App., 25.
Kremp vs. Dorsey, No. 6339 of the docket of this Court.
Plaintiff, however, should be charged with the sum of $79.11, received by her on account of the note since her acquisition thereof, which amount, upon the proper im *222 putation for accrued interest, would reduce the note to $368.12, with interest paid to July 13.1913.
There is further error in the judgment in that it fails to recognize the -mortgage by which the payment of the note is secured. It is true that the mortgage was not reinscribed within ten years; but notwithstanding this lack of reinseription, it still subsists as against the defendant who is not a third possessor. It is only the effect of the inscription that ceases after the lapse of ten years, and this is immaterial except as to third persons.
Insurance Co. vs. Warren, 37 An., 88.
The judgment is accordingly amended and to that end it is recast so as to read as follows:
It is ordered, adjudged and decreed that there be judgment herein for plaintiff, Mrs. Eosa Brush, widow of Thomas Devereaux, and against defendant, Mrs. Matilda L. Mclnerney, wife of William W. Eeid, for the sum of three hundred and sixty-eight dollars and twelve cenes ($368.12), with interest at 8% per annum from July 13th, 1913, till paid and with 5% on the amount of said principal and interest as attorneys’ fees and for the costs incurred in both Courts; and it is further decreed that a mortgage and vendor’s lien to secure said amount in principal, interest, attorneys’ fees and costs be recognized and enforced against the property described in plaintiff’s petition, .and that accordingly that said property be sold by the Civil Sheriff of the Parish of Orleans in accordance with law at public auction, without appraisement and for cash to the highest bidder, the net proceeds of said sale to be applied to the payment of this judgment by preference over all -other creditors, and if not sufficient to fully discharge same, then said judgment for .any unpaid balance thereof shall be executory in accordance *223 with law against any other property belonging to defendant.
Opinion and decree, February 4th, 1916.
Rehearing refused, March 27th, 1916.